FILED
NOV 05 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID LEE ATKINSON,

Petitioner,

v.

JEAN HILL,

Respondent.

Civil No. 06-1463-PK

FINDINGS AND RECOMMENDATION

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Kamins
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

///

PAPAK, Magistrate Judge.

Petitioner, David Lee Atkinson, brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of an adverse decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") in 2003. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

**BACKGROUND**

Atkinson was convicted of Aggravated Murder in 1985 resulting in an indeterminate life sentence without the possibility of parole for a minimum of 20 years pursuant to ORS 163.105(1). Thereafter, he was convicted of other crimes and received additional terms of imprisonment not relevant hear. In the same year, Atkinson came before the Board for an initial prison term hearing at which time the Board established a unified matrix range of 258-288 months. Respondent's Exhibit 122, p. 3.

In 2002, Atkinson requested a rehabilitation hearing pursuant to ORS 163.105(3). In a rehabilitation hearing, an inmate may make a showing, by a preponderance of the evidence, that he is likely to be rehabilitated within a reasonable period of time. If the Board rules in his favor, the Board will make a favorable adjustmennt to an inmate's sentence. *Id.* At the conclusion of Atkinson's rehabilitation hearing, the Board issued its decision orally:

> Okay. The Board has deliberated and reached a unanimous decision. The Board finds that the inmate is not likely to be rehabilitated

> within a reasonable period of time, and you may petition the Board again for a change in the terms of confinement not less than two years from the date of this hearing, which will be April 2005.

Respondent's Exhibit 107, p. 290. Consistent with its oral decision, the Board issued a Board Action Form dated April 2, 2003 finding that Atkinson was not likely to be rehabilitated within a reasonable period of time.

The Board subsequently allowed Atkinson to file an untimely request for administrative review, but denied Atkinson's claims on the merits. Respondent's Exhibit 109. The Oregon Court of Appeals found that Atkinson's appeal did not present a substantial question of law. Respondent's Exhibit 113. The Oregon Supreme Court allowed review, and affirmed the appellate dismissal in a written opinion which focused on the meaning of a "substantial question of law." *Atkinson v. Board of Parole and Post-Prison Supervision*, 339 Or. 450, 124 P.3d 609 (2005).

On October 16, 2006, Atkinson filed this federal habeas corpus action raising nine grounds for relief. Because those claims are adequately stated in the Petition and the parties' briefing, they need not be repeated here. The State asks the court to deny relief on the Petition because: (1) some of the allegations fail to state a claim; (2) some of the grounds are procedurally defaulted; and (3) the remainder of the grounds lack merit.

///

///

## DISCUSSION

### I. Unargued Claims

As an initial matter, despite filing both *pro se* and counseled supporting memoranda, Atkinson does not provide argument to support Grounds One, Four, Five, Seven, and Eight, nor does he attempt to refute the State's arguments in its Response that these claims do not entitle him to relief. In the absence of any argument, Atkinson is unable to carry his burden of proof in this proceeding. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his habeas claims). Moreover, the court's review of the unargued claims in light of the record before it reveals that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

### II. Failure to State a Claim

A state prisoner may seek a writ of habeas corpus from the federal courts "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). In Ground Nine, Atkinson asserts that the Board failed to comply with Oregon state law when it declined to reopen his hearing to correct clerical errors contained in the evidence it presented

for use during the murder review hearing. Atkinson bases this issue entirely on state law. As a result, he fails to state a claim upon which this court may grant habeas corpus relief.

**III. Exhaustion and Procedural Default**

In Ground Six, Atkinson alleges that the Board violated the *Ex Post Facto* Clause of the United States Constitution by applying rules to his case which were not in effect at the time he committed his crimes. According to the State, the claim was raised only as a state law claim, thus Atkinson failed to fairly present the substance of a federal *ex post facto* claim. Because the *ex post facto* claim fails on its merits, the court declines to decide the exhaustion issue. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

**IV. The Merits**

**A. Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and the

petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the

record, it still lends deference to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

**B. Analysis**

1. Grounds Two and Three: Due Process

Atkinson alleges that the Board violated his right to due process when it determined that he failed to prove by a preponderance of the evidence that he was likely to be rehabilitated within a reasonable period of time.[1]

In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that due process during a prison disciplinary hearing requires that "some evidence" exist to support the findings made during such a hearing. *Id* at 455. The "some evidence" standard also applies to parole hearings, *McQuillon v. Duncan*, 306 F.3d 904 (9th Cir. 2002), and is met where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Consequently, Atkinson will prevail only if the record in this case is "so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary." *Id* at 457.

Assuming Atkinson has a protected liberty interest in parole sufficient to trigger due process protections, he cannot prevail on

---

[1] Atkinson also alleges that the Board improperly relied on undisclosed evidence when it reached its decision. He not only fails to describe the impact of such evidence upon the Board's ultimate decision, but fails to identify the undisclosed evidence altogether.

his claim because there was ample evidence in the record to justify the Board's decision as shown on administrative review:

> There was sufficient evidence in the record to support the board's finding in BAF #6 based on the crimes he committed prior to coming to the custody of DOC, the crimes he committed once in the custody of DOC, which includes the stabbing of a correctional officer, and his inability to demonstrate to the board that he fully understands why he committed the crime of murder during a robbery. Mr. Atkinson admitted that he was acting as a strong arm person to collect drug debts for a drug dealer. He further indicated that he was under the influence of drugs and his fear as to what was going to happen during the commission of a robbery caused him to accidentally shoot the victim. He admits to psychological issues that played a part in his committing his crimes, but did not show any psychological evidence that these disorders have been addressed outside medication in the institution as it relates to the possibility that he would commit these types of violent crimes in the future. Mr. Atkinson related that the basis for his committing his crime was based on his drug addiction. This drug addiction was also the reason for his continued violent behavior once he was in the institution. Given his criminal history, his lifestyle at the time he committed the crime for Aggravated Murder, and his lack of insight as to how he would commit such a crime in the first place, the board concludes that there was sufficient evidence in the record to support its finding that Mr. Atkinson was not likely to be rehabilitated within a reasonable period of time.

Respondent's Exhibit 109, p. 2.

The "some evidence" standard of *Hill* does not require a weighing of the evidence. 472 U.S. at 455-56. It only requires that there be some evidence to support the Board's conclusion such

that the decision was not arbitrary. The Board clearly had some evidence to conclude that Atkinson was not rehabilitated. As a result, he was not deprived of his right to due process of law, and the state court decisions denying relief on this claim are neither contrary to, nor unreasonable applications of, clearly established federal law.

2. Ground Six: Ex Post Facto Violation

Atkinson next alleges that the Board misapplied certain Oregon Administrative Rules to his case because those rules were not in effect at the time he committed his crimes. He concludes that this retroactive application of these rules violated the *Ex Post Facto* Clause of the U.S. Constitution.

The *Ex Post Facto* Clause of the U.S. Constitution prohibits states from enacting laws which, by retroactive operation, increase the punishment for a crime after its commission. *Garner v. Jones*, 529 U.S. 244, 250 (2000). A law violates the Ex Post Facto Clause if: (1) it "appl[ies] to events occurring before its enactment," *Weaver v. Graham*, 450 U.S. 24, 29 (1981); and (2) "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Calif. Dep't. of Corr. v. Morales*, 514 U.S. 499, 504 (1995). The relevant inquiry in cases involving parole is whether the amended rule creates a significant risk of prolonging a prisoner's incarceration. *Garner*, 529 U.S. at 251.

In this case, Atkinson argues that the Board initially established a parole release date of June 28, 2006 for his

Aggravated Murder conviction, but later conducted a "file pass" pursuant to former OAR 255-40-020(5) which ultimately changed his established parole release date. According to the *Pro Se* Memorandum in Support, former OAR 255-40-020(5) was in effect between 1982 and 1985. Application of the file pass rule cannot constitute an *ex post facto* violation because Atkinson was convicted of Aggravated Murder well after the Rule's implementation.

In addition, Atkinson takes issue with the use of ORS 163.105 with respect to his sentence. Specifically, he appears to claim that ORS 144.245 required the Board to establish a mandatory parole release date on the Aggravated Murder conviction of June 28, 2006. However, ORS 163.105 was the applicable sentencing statute applicable to Atkinson's crime of Aggravated Murder, and expressly applied notwithstanding the provisions of ORS 144.125.

To the extent Atkinson also argues that the Board improperly followed precedent set by the Oregon Supreme Court, this does not constitute an *ex post facto* violation. Even assuming it did, Atkinson's competing interpretation of state law would not entitle him to habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). For all of these reasons, the court concludes that there was no *ex post facto* violation, thus the state court

decisions are neither contrary to, nor unreasonable applications of, clearly established federal law.

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and a judgment should be entered DISMISSING this case with prejudice.

**SCHEDULING ORDER**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 5th day of November, 2009.

Paul Papak
United States Magistrate Judge